## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAWRENCE JOHNSON,          :
                         :
         Petitioner,        :       Civ. No. 16-3710 (RBK)
                         :
       v.                     :
                         :
UNITED STATES OF AMERICA,      :       **OPINION**
                         :
         Respondent.       :
                         :

WILLIAM BROWN,               :
                         :
         Petitioner,        :       Civ. No. 16-3711 (RBK)
                         :
       v.                     :
                         :
UNITED STATES OF AMERICA,      :       **OPINION**
                         :
         Respondent.       :
                         :

WILLIAM HERNANDEZ,         :
                         :
         Petitioner,        :       Civ. No. 16-3712 (RBK)
                         :
       v.                     :
                         :
UNITED STATES OF AMERICA,      :       **OPINION**
                         :
         Respondent.       :
                         :

_____

RASHEEN MINES,               :
                                          :
               Petitioner,        :       Civ. No. 16-3796 (RBK)
                                            :
       v.                          :
                                            :
UNITED STATES OF AMERICA,    :       **OPINION**
                                          :
              Respondent.       :
_____:

## **ROBERT B. KUGLER, U.S.D.J.**

### I.    **INTRODUCTION**

Petitioners, Lawrence Johnson, William Brown, William Hernandez and Rasheen Mines (hereinafter collectively the "Petitioners"), are federal prisoners proceeding through counsel with motions to vacate, set aside or correct their sentences pursuant to 28 U.S.C. § 2255. Petitioners argue their convictions under 18 U.S.C. § 924(c) must be vacated considering the United States Supreme Court decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). For the following reasons, Petitioners' claims fail on the merits. Their motions to vacate are therefore denied and a certificate of appealability shall not issue.

### II.    **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioners invaded a New Jersey home armed with at least two handguns on December 26, 2005. Several individuals were home when Petitioners entered. Petitioners stole cash and jewelry from the victims and the home and then led police on a high-speed vehicle chase from New Jersey to Pennsylvania.

A grand jury charged Petitioners in a nine-count indictment. (*See* Crim. No. 06-126 ECF 68). Petitioners went to trial and were convicted by a jury of several offenses. Most relevant to this opinion, the jury convicted Petitioners on conspiracy to violate the Hobbs Act by robbery in

violation of 18 U.S.C. § 1951(a), (b)(1) and (b)(3) (Count One); Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), (b)(1) and (b)(3) (Count Two); and brandishing a firearm in connection with a crime of violence in connection with a crime of violence in violation of 18 U.S.C. § 924(c), 924(c)(1)(A)(ii) and 18 U.S.C. § 2 (Count Five) as well as other offenses not relevant to this opinion. *See United States v. Hernandez*, 306 F. App'x 719, 720–21 (3d Cir. 2009). The late Honorable Jerome B. Simandle sentenced Brown, Hernandez and Mines to a total of 480 months imprisonment and Johnson to 424 months imprisonment. Each Petitioner received 120 months on their conviction under Count Five as part of their overall sentences.

The United States Court of Appeals for the Third Circuit affirmed Petitioners' judgments of conviction on direct appeal. *See Hernandez*, 306 F. App'x 719. Petitioners separately filed motions to vacate, set aside or correct their judgments pursuant to 28 U.S.C. § 2255. (*See* Civ. Nos. 10-2784 (Brown); 10-2984 (Johnson); 10-4943 (Hernandez); and 10-5163 (Mines)). All were unsuccessful.

In 2016, Petitioners sought permission from the Third Circuit to file second or successive § 2255 motions claiming that their 18 U.S.C. § 924(c) convictions on Count Five were invalid pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). The Third Circuit stayed Petitioners' requests pending a decision from the Supreme Court related to challenges to the "residual clause" of 18 U.S.C. § 924(c)(3)(B).

Thereafter, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court found the "residual clause" of § 924(c)(3)(B) was unconstitutionally vague. Subsequently, the Third Circuit authorized Petitioners right to proceed with a second or successive § 2255 motion that challenged their § 924(c) convictions in Count Five considering the Supreme Court's decision in *Davis. See In re Matthews*, 934 F.3d 296 (3d Cir. 2019).

In November, 2019, Petitioners, now represented by the New Jersey Federal Public Defender's Office, filed supplemental briefs in support of their now authorized second or successive § 2255 motions. Petitioners argue their convictions of brandishing a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A) must be vacated. They argue that the relevant underlying "crime of violence" was conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) which is no longer a "crime of violence" considering the Supreme Court's decision in *Davis*. Respondent opposes Petitioners' § 2255 motions.

## III.   LEGAL STANDARD

A motion to vacate, set aside or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief if "the court finds ... [t]here has been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)) (citing R. Governing § 2255 Cases R. 4(b)).

## IV.   DISCUSSION

Section 924(c) of Title 18 of the United States Code makes it a crime for any person who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). A crime of violence under the statute is defined as an offense that is a felony and that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial

4

risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection (A) is commonly referred to as the "elements clause" and subsection (B) is commonly referred to as the "residual clause." In *Davis,* the Supreme Court held the residual clause, §924(c)(3)(B), was unconstitutionally vague. *See* 139 S. Ct. 2319. However, *Davis* left the elements clause intact. Thus, moving forward, an offense is now a "crime of violence" within the meaning of the statute only if it meets the definition contained in the elements clause, § 924(c)(3)(A).

Petitioners argue their convictions under Count Five for violating § 924(c) must be vacated on collateral review considering *Davis*'s holding. This Court disagrees.

A. <u>Procedural Default</u>

Respondent's initial argument (at least in part) asserted Petitioners procedurally defaulted their claims challenging their convictions in Count Five by not raising them on direct review. (*See* Civ. No. 16-3710 ECF 13 at 11-15). However, in its most recent filing (*see* Civ. No. 16-3710 ECF 26 at 3), Respondent requests this Court analyze Petitioners' claims on the merits as the United States District Court for the Middle District of Pennsylvania did last year in *Bonner v. United States*, 521 F. Supp. 3d 554 (M.D. Pa. 2021) and *United States v. Scott*, 521 F. Supp. 3d 538 (M.D. Pa. 2021). Given this request by Respondent, this Court will assume *arguendo* that Petitioners have cleared the procedural default hurdle and analyze their claims on the merits. *See, e.g.*, *Berry v. United States*, No. 16-3489, 2022 WL 970154 (D.N.J. Mar. 31, 2022).

B. <u>Merits</u>

Petitioners' jury could use multiple theories of liability as predicates as a "crime of violence." to find Petitioners guilty of violating § 924(c). Among the "crime of violence" predicates under § 924(c) submitted to the jury was Hobbs Act robbery and conspiracy to

commit Hobbs Act robbery. (*See* Crim. No. 06-126 ECF 112 at 49, 103-04, 106, 108-10).

Petitioners assert that the Second Superseding Indictment, the jury instructions and the verdict

sheet are ambiguous which specific predicate crime though the jury in fact used to find that the

Petitioner's brandished and used a firearm during a "crime of violence" to violate § 924(c).

Petitioners rely heavily on the modified categorical approach to claim this Court must assume

that Petitioners' convictions under § 924(c) rested on the least of the acts criminalized - in this

case - conspiracy to commit Hobbs Act robbery, which, after *Davis*, can no longer be considered

a predicate "crime of violence." Because conspiracy to commit Hobbs Act robbery is not a

"crime of violence," Petitioners therefore assert their § 924(c) convictions in Count Five must be

vacated.

Respondent concedes conspiracy to commit Hobbs Act robbery is not a "crime of

violence" under § 924(c)(3)(A). (*See* Civ. No. 16-3710 at 15-1 at 9-10). Respondent though

argues Petitioners misuse and misapply the categorical approach in their attempt to vacate their §

924(c) convictions. Respondent rather asserts that once the categorical approach is used to (as

they concede) find that conspiracy to commit Hobbs Act robbery does not constitute a "crime of

violence," harmless error should apply which permits this Court to view the entire record,

including, most importantly, the trial transcript. Upon applying a harmless error standard,

Respondent then argues there is no "reasonable probability" that the jury would have acquitted

Petitioners of the § 924(c) charge in Count Five if the jury had been instructed more specifically

that the government was required to prove that Petitioners' brandished a gun in relation to a

Hobbs Act robbery. For the following reasons, this Court agrees with Respondent's position.

The modified categorical approach permits a court to consult a relatively small set of

documents in deciding whether a crime meets the definition of a "crime of violence." *See, e.g.*,

*United States v. Cavanaugh*, No. 19-3563, 2021 WL 5447017, at *3 (3d Cir. Nov. 22, 2021). However, Petitioners conflate and misuse the modified categorical approach in determining which of several alternative predicates a jury relied on in giving a general verdict. *See Granda v. United States*, 990 F.3d 1272, 1295 (11th Cir. 2021).

As previously noted, all four of these cases are on collateral review. Any purported error in instructing the jury on multiple theories of liability, one of which is improper - as is alleged by Petitioners in these cases - is analyzed under the harmless error standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *See Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008); *see also United States v. Bledsoe*, No. 20-2733, 2021 WL 688807, at *1 (3d Cir. Jan. 11, 2021) (citing *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020)) (denying certificate of appealability noting that "[j]urists of reason would likewise agree that, given the evidence presented in this case and the jury's verdicts on the substantive armed-bank-robbery counts, any error in instructing the jury that conspiracy to commit armed bank robbery could qualify as a predicate for the 18 U.S.C. § 924(c) offenses was harmless."). Under this standard, a court on collateral review asks whether the purported flaw in the instructions had a substantial and injurious effect or influence in determining the jury's verdict. *See Hedgpeth*, 555 U.S. at 58 (citing *Brecht*, 507 U.S. at 623); *see also Granda*, 990 F.3d at 1292.

The record does not indicate any purported error in instructing the jury that Petitioners could be found guilty under § 924(c) with conspiracy to commit Hobbs Act robbery as the underlying "crime of violence" had a substantial and injurious effect or influence in determining the jury's verdict. Petitioners other conviction of Hobbs Act robbery clearly constitutes an

underlying predicate "crime of violence" under § 924(c).[1] *See, e.g.*, *United States v. Walker*, No. 21-3157, 2022 WL 1576030, at *1 (3d Cir. Mar. 22, 2022) (denying certificate of appealability noting that jurists of reason would not debate that Hobbs Act robbery constitutes a "crime of violence" under § 924(c)); *United States v. Walker*, 990 F.3d 316, 325 (3d Cir. 2021) ("Hobbs Act robbery is indeed a crime of violence for purposes of § 924(c)."), *abrogated on different grounds by*, *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022); *Lawrence v. United States*, No. 18-16006, 2022 WL 2916064, at *7 (D.N.J. July 25, 2022) (noting Hobbs Act robbery remains a predicate crime of violence under Section 924(c) after *Davis*). Petitioner's § 924(c) convictions are inextricably intertwined with their convictions for Hobbs Act robbery. The record clearly shows Petitioners committed the charged crimes during one criminal episode on December 26, 2005, when they invaded the home. The evidence at trial of the robbery included testimony regarding the brandishing of weapons during the invasion. (*See* Crim. No. 06-126 ECF 104 at 85-95). Indeed, the assailants held the victims at gunpoint, struck a victim in the back of a head with the gun and another assailant bound and gagged the victims with duct tape. (*See id.*). The assailants stole cash and jewelry. (*See id.* at 95-96, Crim. No. 06-126 ECF 106 at 515).

The brandishing of weapons in this case was inextricably intertwined with the actual robbery. Given this record, this Court finds any potential error in including the conspiracy to commit Hobbs Act robbery as a predicate for a 924(c) "crime of violence" was harmless. *See, e.g.*, *Granda*, 990 F.3d at 1291 (noting that the tightly bound relationship of the predicate offenses precludes the petitioner from showing a substantial likelihood that the jury relied on conspiracy to commit Hobbs Act robbery with conspiracy to use and carry a firearm during and

---

[1] As described *infra*, because Petitioners' Hobbs Act robbery convictions were so intertwined with the brandishing convictions, this Court need not decide whether Petitioners' other convictions meet the definition of a "crime of violence" under § 924(c).

in relation to, and to possess a firearm in furtherance of, a crime of violence and drug trafficking

crime, in violation of 18 U.S.C. § 924(o)).

Petitioners strenuously argue it is improper for this Court to refer to the underlying trial

transcript in disposing and analyzing their claims. Indeed, Petitioners assert this Court is limited

to only review certain documents under the modified categorical approach. According to

Petitioners, this Court can only examine the Second Superseding Indictment, the jury charge and

the jury verdict form. Because those documents leave open *the possibility* that the jury based its

guilty finding against Petitioners for violating § 924(c) on the conspiracy to commit Hobbs Act

robbery which is no longer a "crime of violence," they assert this Court must vacate each of their

§ 924(c) convictions.

Petitioners' reliance on the modified categorical approach to limit this Court's harmless

error analysis to only certain documents in the record is misplaced. Indeed, a similar argument

was recently made and rejected by the Eleventh Circuit in *Granda*. That court aptly rejected such

an argument as follows:

> Next, Granda claims that "[t]he categorical approach requires the
> Court to presume that [his] conviction [on] Count 6 rests on [the]
> Hobbs Act conspiracy." This argument misapprehends the
> categorical approach, which courts use to determine whether a
> particular offense qualifies under crime-of-violence-type elements
> clauses such as those found in § 924(c)(3)(A) and in the ACCA, 18
> U.S.C. § 924(e)(2)(B)(i). Under the categorical approach, we
> "examin[e] only the elements of the statute of conviction, not the
> specific conduct of a particular offender." *United States v. Oliver*,
> 962 F.3d 1311, 1316 (11th Cir. 2020) (internal quotation marks
> and citation omitted). We first assume that the conviction rested on
> the "'least of the acts criminalized' by the statute," because to
> determine upon which of the criminalized acts the conviction
> rested would violate the categorical approach's command not to
> analyze the facts underlying the conviction. *Id.* (quoting
> *Moncrieffe v. Holder*, 569 U.S. 184, 190–91, 133 S. Ct. 1678, 185
> L. Ed. 2d 727 (2013)). Next, the court determines whether that act

has an element that brings the offense within the ambit of the relevant clause. *Id.*

Granda reasons that because the general verdict does not reveal which predicate the jury relied on to find guilt for the § 924(o) offense, we should apply the categorical approach and just assume that the jury rested its conclusion on the least culpable of the alternative offenses, which Granda contends is the invalid Hobbs Act conspiracy predicate. *But Granda cites no authority that justifies extending the categorical approach -- a method for determining whether a conviction under a particular statute qualifies as a predicate offense under a particular definitional clause -- to the context of determining on which of several alternative predicates a jury's general verdict relied.*

Granda claims that the categorical approach must apply because determining that the jury did not rely solely on the Hobbs Act conspiracy predicate to convict would constitute impermissible judicial factfinding in violation of *Alleyne v. United States*, 570 U.S. 99, 114–16, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Alleyne* applies to findings of fact that increase a mandatory minimum, thereby "alter[ing] the prescribed range of sentences to which a defendant is exposed ... in a manner that aggravates the punishment." *Id.* at 108, 133 S. Ct. 2151. Such facts, *Alleyne* holds, must be proven to a jury beyond a reasonable doubt. *Id.* For example, a sentencing judge may not look at the evidence afresh to determine by a preponderance of the evidence whether a defendant "brandished" a firearm during an offense and is therefore subject to an increased mandatory minimum. *See id.* at 117, 133 S. Ct. 2151. But a judge conducting a Brecht harmless error analysis does not find a fact at all; instead, the judge asks as a matter of law whether there is grave doubt about whether an instruction on an invalid predicate substantially influenced what the jury already found beyond a reasonable doubt. *See Phillips*, 849 F.3d at 993. Absent any sound reason for doing so, we decline Granda's invitation to adopt what we see as an unprecedented expansion of the categorical approach.

*Granda*, 990 F.3d at 1295 (emphasis added); *see also Gayle v. United States*, No. 20-10086, 2021 WL 5234762, at *4-7 (S.D.N.Y. Nov. 8, 2021) (examining trial record in applying *Brecht* harmless error analysis and finding any potential error in jury instructions did not have a substantial or injurious effect on the jury's verdict); *United States v. Stuker*, No. 20-108, 2021

WL 2354568, at *9-10 (D. Mont. June 9, 2021) (citing *Skilling v. United States*, 561 U.S. 358, 414 & n.46 (2010); *Granda*, 990 F.3d 1295) (rejecting extending use of categorical approach to the context of determining which of several alternative predicates a jury's general verdict relied noting that the customary approach is to examine the trial record to determine whether the conviction rested on a viable or impermissible theory)

The cases Petitioners rely on to support their arguments that the modified categorical approach necessitate that their § 924(c) convictions need to be vacated are either easily distinguishable or not persuasive. First, Petitioners' reliance on *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016) is misplaced. In that case, the Eleventh Circuit was not deciding Gomez's claims on the merits. Rather, the Eleventh Circuit simply decided that Gomez had made a *prima facie* showing to permit him to move forward with a second or successive § 2255 motion. Indeed, in *Granda*, the Eleventh Circuit expressly distinguished the relevance of *Gomez* based on its different procedural posture as a case merely seeking leave to file a second or successive § 2255 motion, as opposed to a case where the petitioner is seeking collateral relief. *See Granda*, 990 F.3d at 1296. Petitioners already made their *prima facie* showing when the Third Circuit permitted them to move forward with these actions. *Gomez* does not help Petitioners in their request for collateral relief under these facts.

Next, Petitioners cite to *United States v. Lettiere*, No. 16-157, 2018 WL 3429927 (D. Mont. July 16, 2018) to support their position their § 924(c) convictions should be vacated. That case though had jury instructional errors not present in Petitioners' underlying trial. Indeed, as noted by the United States District Court for the District of Montana, the jury in that case was instructed with respect to Hobbs Act robbery that they could convict the petitioner if they found he wrongfully used the threat or force of fear, not fear of injury. *See Lettiere*, 2018 WL 3429927,

at *4. Thus, that court concluded that based on *that particular jury* instruction, Lettiere could have been convicted of robbery *or extortion*. *See id.* Accordingly, the District of Montana concluded that based on the jury instructions, "all that [could] be said is that the jury convicted Lettiere of inducing the victim to part with party by wrongfully using the threat of force or fear[,]" which was insufficient to show that the underlying predicate "crime of violence" had been committed. *See id.* No such instructional errors are alleged to have occurred at Petitioners' trial before Judge Simandle. Thus, *Lettiere* is clearly distinguishable.

Next, Petitioners rely on *United States v. McCall*, Crim. No. 10-170, 2019 WL 4675762 (E.D. Va. Sept. 25, 2019) to support their arguments. (*See* Civ. No. 16-3710 ECF 11 at 14-15). Once again though, this Court finds that case distinguishable.

In *McCall*, a federal jury found McCall guilty of the following crimes:

> one count of conspiracy to violate R.I.C.O., in violation of 18 U.S.C. § 1962(d) ([c]ount [o]ne); conspiracy to commit violence in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) ([c]ount [t]wo); violence in aid of racketeering, and aiding and abetting ("VICAR"), in violation of 18 U.S.C. § 1959(a)(3) and 2 ([c]ount [t]hree); and, possession of firearms in furtherance of a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 2, to wit, violence in the aid of racketeering as charged in [c]ount [t]hree ([c]ount [f]our).

*McCall*, 2019 WL 4675762, at *1 (footnote omitted). McCall's conviction on count four under § 924(c) was specifically predicated *only* on his VICAR conviction in count three as alleged in the Superseding Indictment. *See McCall*, 2019 WL 4675762 at *1 n.3; *see also* E.D. Va. Crim. No. 10-170 ECF 385 at 43-44. In *McCall*, the United States District Court for the Eastern District of Virginia applied the categorical approach and ultimately determined that Petitioner's VICAR conviction under Count Three could no longer serve as a valid "crime of violence" predicate to convict Petitioner on his § 924(c) in count four. *See McCall*, 2019 WL 2019 WL 4675762, at *7.

The factual scenario presented in the Eastern District of Virginia is entirely different than Petitioners trial which involved *multiple possible convictions* serving as the underlying predicate "crime of violence." This included Hobbs Act robbery, which, as indicated above, was inextricably intertwined with the brandishing charge in Count Four. Thus, *McCall* also does not help Petitioners in this instance.

Finally, Petitioner's reliance on an *en banc* decision from the United States Court of Appeals in *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) is also misplaced under these circumstances. In *Vann*, the United States District Court for the Eastern District of North Carolina enhanced Vann's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three state court convictions for indecent liberties. *See Vann*, 660 F.3d at 772. The relevant state indecent liberties statute had two subsections, only one of which could be considered a proper ACCA "violent felony."[2] *See id.* at 773-74. However, neither the charging documents nor the guilty plea colloquies indicated which of the indecent liberties subsection Vann had been convicted under. *See id.* at 775. On direct appeal, the Fourth Circuit *en banc* vacated Vann's sentence because it could not make the determination on whether Vann was convicted of the indecent liberties subsection that continued to constitute a "violent felony" under ACCA. *See id.* at 775-76.

*Vann* is distinguishable on its facts and procedural posture. First, unlike Petitioners, Vann's case was on direct appeal as opposed to collateral review. Second, and most importantly, harmless error review as described above applies to this case. That review permits this Court to review the entire record, including what transpired at trial. This is unlike the circumstances

---

[2] Courts have noted that § 924(c)(3)(B)'s "crime of violence" definition is similar to how the ACCA's residual clause defines "violent felony" in § 924(e)(2)(B)(ii) *See, e.g.*, *Warrick v. United States*, No. 16-1518, 2018 WL 5830841, at *2 (M.D. Tenn. Nov. 7, 2018); *United States v. Martindale*, No. 11-40012, 2018 WL 1997282, at *1 (D. Kan. Apr. 26, 2018).

present in *Vann* where the underlying predicates for his ACCA conviction became untenable. In this case, upon applying harmless error review, the trial record clearly indicates that Petitioners' Hobbs Act robbery convictions were inextricably intertwined with the brandishing convictions as they both occurred over one episode. *Vann* does not help Petitioners.

## V.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioners fail to show they are entitled to a COA on their claims.

## VI.    CONCLUSION

For the foregoing reasons, Petitioners' motions to vacate, set aside or correct their sentences pursuant to 28 U.S.C. § 2255 are denied. Certificates of appealability shall not issue. Separate orders for each Petitioner shall be entered.


DATED:  September 9, 2022                         s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge